

1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
10 STEVEN A. KARG
   NORRIS, McLAUGHLIN & MARCUS, PA
11 721 Route 202-206
   P.O. Box 1018
12 Somerville, NJ 08876-1018
   Telephone:  (908) 722-0700
13 Facsimile:  (908) 722-0755

14 Attorneys for Defendants
   PFIZER INC. AND PHARMACIA CORPORATION

15             UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18

19 IN RE CELEBREX AND BEXTRA MARKETING, )   MDL Docket No. 1699
   SALES PRACTICES AND PRODUCTS         )
20 LIABILITY LITIGATION                 )   CASE NO. 3:07-cv-02909-CRB
   _____  )
21 *This document relates to*           )
                                        )   **PFIZER INC. AND PHARMACIA**
22 MERRIN FROST, Individually and as Proposed )  **CORPORATION'S ANSWER TO**
   Administrator of the Estate of RAYMOND FROST, )  **COMPLAINT**
23 Deceased,                            )
                                        )   **JURY DEMAND ENDORSED**
24              Plaintiffs,             )   **HEREIN**
                                        )
25         vs.                          )
                                        )
26 PFIZER, INC. and PHARMACIA CORPORATION, )
                                        )
27         Defendants.                  )
   _____  )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer") and Pharmacia Corporation ("Pharmacia") (collectively "Defendants") and file this their Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

**I.**

**<u>ANSWER</u>**

**<u>Response to Allegations Regarding Parties</u>**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent Raymond Frost ("Decedent") used Bextra® and Decedent's medical condition, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff is the Proposed Administrator of the Estate of Raymond Frost, Plaintiff's age, and Plaintiff's citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in

2   this paragraph of the Complaint.

3   4.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

4   business in New York and that Pfizer is registered to do business in the State of New Jersey.

5   Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

6   Bextra® in the United States to be prescribed by healthcare providers who are by law

7   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

8   the remaining allegations in this paragraph of the Complaint.

9   5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

10  business in New Jersey and that Pharmacia is registered to do business in the State of New

11  Jersey.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-

12  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

13  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

14  the remaining allegations in this paragraph of the Complaint.

15  6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

17  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18  deny the remaining allegations in this paragraph of the Complaint.

19  7.      Defendants admit that Pfizer and Pharmacia do business in the State of New Jersey.

20  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

21  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

22  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

23  the remaining allegations in this paragraph of the Complaint.

24  **Response to Factual Allegations**

25  8.      Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

27  Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff or

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2    Complaint.

3    9.       Defendants admit that Pfizer and Pharmacia do business in the State of New Jersey.

4    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

5    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

6    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit,

7    as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the

8    relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for

9    the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Bextra® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   10.      Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

17   Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff or

18   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

19   Complaint.

20   11.      Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

22   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Bextra® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27   Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in

28   this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

15.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

18.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

19.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

21.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

23.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 25 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Second Cause of Action: Products Liability – Defective Design**

26.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

27.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 33 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Products Liability – Failure to Warn**

34.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

35.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

38.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

39.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in

2    this paragraph of the Complaint.

3    43.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

5    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Bextra® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

10    Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in

11    this paragraph of the Complaint.

12    44.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

13    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14          Answering the unnumbered paragraph following Paragraph 44 of the Complaint,

15    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

16    or damage, and deny the remaining allegations in this paragraph of the Complaint.

17          **Response to Fourth Cause of Action: New Jersey Consumer Fraud Act**

18    45.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

19    Complaint as if fully set forth herein.

20    46.    Defendants state that this paragraph of the Complaint contains legal contentions to

21    which no response is required.  To the extent that a response is deemed required, Defendants

22    deny the allegations in this paragraph of the Complaint.

23    47.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

24    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

25    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

26    deny the remaining allegations in this paragraph of the Complaint.

27    48.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2  the Complaint.

3  57.    Defendant states that this paragraph of the Complaint contains legal contentions to

4  which no response is required.  To the extent that a response is deemed required, Defendant

5  admits that they had duties as are imposed by law but denies having breached such duties.

6  Defendants state that Bextra® was and is safe and effective when used in accordance with its

7  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

8  were and are adequately described in its FDA-approved prescribing information, which was at

9  all times adequate and comported with applicable standards of care and law.  Defendants deny

10  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

11  58.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16  the Complaint.

17  59.    Defendants state that this paragraph of the Complaint contains legal contentions to

18  which no response is required.  To the extent that a response is deemed required, Defendants

19  state that Bextra® was and is safe and effective when used in accordance with its FDA-

20  approved prescribing information.  Defendants state that the potential effects of Bextra® were

21  and are adequately described in its FDA-approved prescribing information, which was at all

22  times adequate and comported with applicable standards of care and law.  Defendants deny any

23  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24  60.    Defendants deny any wrongful conduct and deny the allegations in this paragraph of the

25  Complaint.

26  61.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

27  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-15-
ANSWER TO COMPLAINT – 3:07-cv-02909-CRB

1    Answering the unnumbered paragraph following Paragraph 61 of the Complaint,

2    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

3    or damage, and deny the remaining allegations in this paragraph of the Complaint.

4    **Response to Fifth Cause of Action: Breach of Express Warranty**

5    62.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    63.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

9    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Bextra® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   64.    Defendant states that this paragraph of the Complaint contains legal contentions to

16   which no response is required.  To the extent that a response is deemed required, Defendant

17   admits that it had duties as are imposed by law but denies having breached such duties.

18   Defendants state that Bextra® was and is safe and effective when used in accordance with its

19   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

20   were and are adequately described in its FDA-approved prescribing information, which was at

21   all times adequate and comported with applicable standards of care and law.  Defendants deny

22   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

23   including all subparts.

24   65.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

26   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   state that the potential effects of Bextra® were and are adequately described in its FDA-

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    approved prescribing information, which was at all times adequate and comported with

2    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

3    Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

4    66.     Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

6    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Bextra® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

11   Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in

12   this paragraph of the Complaint.

13   67.     Defendants state that this paragraph of the Complaint contains legal contentions to

14   which no response is required.  To the extent that a response is deemed required, Defendants

15   admit that they had duties as are imposed by law but deny having breached such duties.

16   Defendants are without knowledge or information sufficient to form a belief as to the truth of

17   the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®,

18   and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective

19   when used in accordance with its FDA-approved prescribing information.  Defendants state that

20   the potential effects of Bextra® were and are adequately described in its FDA-approved

21   prescribing information, which was at all times adequate and comported with applicable

22   standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is

23   defective, and deny the remaining allegations in this paragraph of the Complaint.

24   68.     Defendants state that this paragraph of the Complaint contains legal contentions to

25   which no response is required.  To the extent that a response is deemed required, Defendants

26   are without knowledge or information sufficient to form a belief as to the truth of the

27   allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and,

28   therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  used in accordance with its FDA-approved prescribing information. Defendants state that the

2  potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

3  information, which was at all times adequate and comported with applicable standards of care

4  and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

5  paragraph of the Complaint.

6  69.    Defendants state that Bextra® was and is safe and effective when used in accordance

7  with its FDA-approved prescribing information. Defendants state that the potential effects of

8  Bextra® were and are adequately described in its FDA-approved prescribing information,

9  which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  70.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

13  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14  Answering the unnumbered paragraph following Paragraph 70 of the Complaint,

15  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

16  or damage, and deny the remaining allegations in this paragraph of the Complaint.

17  **Response to Sixth Cause of Action: Punitive Damages Under the Products Liability Act**

18  71.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

19  Complaint as if fully set forth herein.

20  72.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

22  Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information. Defendants

24  state that the potential effects of Bextra® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law. Defendants deny any wrongful conduct, deny that

27  Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in

28  this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

73.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conductand deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 74 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Strict Liability in Tort**

75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

76.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

2  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

3  78.    Defendants state that Bextra® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Bextra® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

8  allegations in this paragraph of the Complaint.

9  79.    Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

14  allegations in this paragraph of the Complaint.

15  80.    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the

16  remaining allegations in this paragraph of the Complaint.

17  81.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

22  allegations in this paragraph of the Complaint.

23  82.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

24  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

25  Answering the unnumbered paragraph following Paragraph 82 of the Complaint,

26  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

27  or damage, and deny the remaining allegations in this paragraph of the Complaint.

28  **Response to Eighth Cause of Action: New Jersey Product Liability Act**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

83.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

84.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

96.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 96 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## **Response to Ninth Cause of Action: Breach of Implied Warranty**

97.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information for Bextra®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    prescribing information for Bextra®.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

4    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5         Answering the unnumbered paragraph following Paragraph 100 of the Complaint,

6    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

7    or damage, and deny the remaining allegations in this paragraph of the Complaint.

8    <u>**Response to Tenth Cause of Action: Negligent Misrepresentation**</u>

9    101.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

10   Complaint as if fully set forth herein.

11   102.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is required.  To the extent that a response is deemed required, Defendants

13   admit that they had duties as are imposed by law but deny having breached such duties.

14   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

15   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

16   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

17   the remaining allegations in this paragraph of the Complaint.

18   103.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

20   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Bextra® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants admit, as indicated in the package insert

25   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

26   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

27   dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining allegations in

28   this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  state that the potential effects of Bextra® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct, deny any breach

4  of duty, and deny the remaining allegations in this paragraph of the Complaint.

5  108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

6  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

7        Answering the unnumbered paragraph following Paragraph 108 of the Complaint,

8  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

9  or damage, and deny the remaining allegations in this paragraph of the Complaint.

10  **Response to Eleventh Cause of Action: Fraudulent Misrepresentation**

11  109.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

12  Complaint as if fully set forth herein.

13  110.    Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is required.  To the extent that a response is deemed required, Defendants

15  admit that they had duties as are imposed by law but denies having breached such duties.

16  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

17  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

18  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

19  the remaining allegations in this paragraph of the Complaint.

20  111.    Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  112.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

28  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-27-

ANSWER TO COMPLAINT – 3:07-cv-02909-CRB

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny any breach of duty, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 116 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Response to Twelfth Cause of Action: Loss of Consortium**

2    117.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3    Complaint as if fully set forth herein.

4    118.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

5    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6          Answering the unnumbered paragraph following Paragraph 118 of the Complaint,

7    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

8    or damage, and deny the remaining allegations in this paragraph of the Complaint.

9

**Response to Prayer for Relief**

10          Answering the unnumbered paragraph of the Complaint entitled "Relief Requested",

11    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

12    or damage, and deny the remaining allegations in this paragraph of the Complaint, including all

13    subparts.

14

**III.**

15

**GENERAL DENIAL**

16          Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

17    Complaint that have not been previously admitted, denied, or explained.

18

**IV.**

19

**AFFIRMATIVE DEFENSES**

20          Defendants reserve the right to rely upon any of the following or additional defenses to

21    claims asserted by Plaintiff to the extent that such defenses are supported by information

22    developed through discovery or evidence at trial.  Defendants affirmatively show that:

23

**First Defense**

24    1.    The Complaint fails to state a claim upon which relief can be granted.

25

**Second Defense**

26    2.    Bextra® is a prescription medical product.  The federal government has preempted the

27    field of law applicable to the labeling and warning of prescription medical products.

28    Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiff or Decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff or Decedent.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiff's and Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

16.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

### Seventeenth Defense

17.    Plaintiff's and Decedent's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Ninetieth Defense

19.    Plaintiff and Decedent knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Twenty-fourth Defense

2   24.     Plaintiff's claims are barred in whole or in part because there is no private right of

3   action concerning matters regulated by the Food and Drug Administration under applicable

4   federal laws, regulations, and rules.

5   ### Twenty-fifth Defense

6   25.     Plaintiff's claims are barred in whole or in part because Defendants provided adequate

7   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

8   of Comment j to Section 402A of the Restatement (Second) of Torts.

9   ### Twenty-sixth Defense

10  26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim

11  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

12  Restatement (Second) of Torts § 402A, Comment k.

13  ### Twenty-seventh Defense

14  27.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

15  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

16  to § 6 of the Restatement (Third) of Torts: Products Liability.

17  ### Twenty-eighth Defense

18  28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

19  Products Liability.

20  ### Twenty-ninth Defense

21  29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

22  facts sufficient under the law to justify an award of punitive damages.

23  ### Thirtieth Defense

24  30.     The imposition of punitive damages in this case would violate Defendants' rights to

25  procedural due process under the Fourteenth Amendment to the United States Constitution and

26  would additionally violate Defendants' right to substantive due process under the Fourteenth

27  Amendment to the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-first Defense**

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.     Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.     Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## **Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiff or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.     Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff and Decedent.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Decedent would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff and Decedent.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    This lawsuit, brought by an out-of-state Plaintiff, is more appropriately brought in a different venue.  The Complaint should be dismissed on the basis of forum non-conveniens.

### Fifty-sixth Defense

56.    To the extent that the laws of other states apply, Defendants invokes each and every statutory, constitutional and common law defense available to it under the laws of each of the other states with respect to the claims alleged in the Complaint that are recognized in each jurisdiction.  Defendants have not had a sufficient opportunity to identify these defenses and such cannot be reasonably determined prior to completion of discovery.

### Fifty-seventh Defense

57.    The claims asserted in the Complaint are barred because Plaintiff failed to provide timely notice of any alleged breach of warranty claim.

### Fifty-eighth Defense

58.    The New Jersey Consumer Fraud Act is inapplicable to this Plaintiff who has no sufficient connection with the State of New Jersey, and is outside the scope of persons or transactions protected by it.

### Fifty-ninth Defense

59.    The New Jersey Consumer Fraud Act is inapplicable to the actions herein because the FDA comprehensively regulates the conduct alleged herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixtieth Defense

60.    The claims are barred, in whole or in part, because Plaintiff and Decedent are not "buyers" as defined by the Uniform Commercial Code.

### Sixty-first Defense

61.    Plaintiff lacks standing to bring this action and it, therefore, should be dismissed.

### Sixty-second Defense

62.    The claims against Defendants are barred because Defendants did not violate the Consumer Fraud Act, and/or it was not applicable to this matter.

### Sixty-third Defense

63.    Defendants are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of New Jersey, or any other law found applicable in this action.

### Sixty-fourth Defense

64.    To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendants, unless Defendants' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of New Jersey.

### Sixty-fifth Defense

65.    To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendants, any such claim of Plaintiff for punitive damages against Defendants cannot be maintained unless the trial is bifurcated. Any award of punitive damages under New Jersey law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Constitution, and would be improper under the common law and public policies of the State of

2    New Jersey.

3                                    **Sixty-sixth Defense**

4    66.    To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking

5    recovery of punitive or exemplary damages against Defendants, any such claim of Plaintiff for

6    punitive damages against Defendants cannot be maintained, because any award of punitive

7    damages under New Jersey law would be by a jury that (1) is not provided standards of

8    sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive

9    damages award, (2) is not adequately instructed on the limits on punitive damages imposed by

10   the applicable principles of deterrence and punishment, (3) is not expressly prohibited from

11   awarding punitive damages, or determining the amount of an award of punitive damages, in

12   whole or in part, on the basis of invidiously discriminatory characteristics, including the

13   residence, wealth, and corporate status of Defendants, (4) is permitted to award punitive

14   damages under a standard for determining liability for punitive damages that is vague and

15   arbitrary and does not define with sufficient clarity the conduct or mental state that makes

16   punitive damages permissible, and (5) is not subject to adequate trial court and appellate

17   judicial review for reasonableness and furtherance of legitimate purposes on the basis of

18   objective standards.  Any such verdict would violate Defendants' due process rights guaranteed

19   by the Fourteenth Amendment to the United States Constitution and would be improper under

20   the common law and public policies of their various states of citizenship.

21                                   **Sixty-seventh Defense**

22   67.    To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking

23   recovery of punitive or exemplary damages against Defendants, any award of punitive damages

24   based on anything other than Defendants' conduct in connection with the specific Bextra®

25   products that are the subject of this lawsuit would violate the due process clause of the

26   Fourteenth Amendment to the United States Constitution and would be improper under the

27   common law and public policies of the State of New Jersey, because any other judgment for

28   punitive damages in this case cannot protect Defendants against impermissible multiple

1    punishment for the same wrong and against punishment for extraterritorial conduct, including

2    especially conduct that is lawful in states other than the State of New Jersey.  In addition, any

3    such award would violate principles of comity under the laws of the State of New Jersey.

4    **Sixty-eighth Defense**

5    68.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and

6    satisfaction.

7    **Sixty-ninth Defense**

8    69.    Defendants reserve the right to supplement their assertion of defenses as they continue

9    with their factual investigation of Plaintiff's claims.

10    **V.**

11    **PRAYER**

12    WHEREFORE, Defendants pray for judgment as follows:

13    1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

14    2.    That the Complaint be dismissed;

15    3.    That Defendants be awarded their costs for this lawsuit;

16    4.    That the trier of fact determine what percentage of the combined fault or other liability

17    of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries,

18    losses or damages is attributable to each person;

19    5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

20    than an amount which equals their proportionate share, if any, of the total fault or other liability

21    which proximately caused Plaintiff's injuries and damages; and

22    6.    That Defendants have such other and further relief as the Court deems appropriate.

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

June 29, 2007                                      GORDON & REES LLP


                                                  By: _____/s/_____
                                                      Stuart M. Gordon
                                                      sgordon@gordonrees.com
                                                      Embarcadero Center West
                                                      275 Battery Street, 20th Floor
                                                      San Francisco, CA 94111
                                                      Telephone:  (415) 986-5900
                                                      Fax:  (415) 986-8054


June 29, 2007                                      NORRIS, McLAUGHLIN & MARCUS, P.A.


                                                  By:_____/s/_____
                                                      Steven A. Karg
                                                      721 Route 202-206
                                                      P.O. Box 1018
                                                      Somerville, NJ 08876-1018
                                                      Telephone:  (908) 722-0700
                                                      Facsimile:  (908) 722-0755

                                                      Attorneys for Defendants
                                                      PFIZER INC. AND PHARMACIA
                                                      CORPORATION

1

## JURY DEMAND

2 Defendants Pfizer Inc. and Pharmacia Corporation hereby demand a trial by jury of all the facts

3 and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4 June 29, 2007         GORDON & REES LLP

5

6             By: _____/s/_____

7               Stuart M. Gordon
               sgordon@gordonrees.com

8               Embarcadero Center West
               275 Battery Street, 20th Floor

9               San Francisco, CA  94111
               Telephone:  (415) 986-5900

10              Fax:  (415) 986-8054

11 June 29, 2007         NORRIS, McLAUGHLIN & MARCUS, P.A.

12

13             By:_____/s/_____

14               Steven A. Karg
               721 Route 202-206

15               P.O. Box 1018
               Somerville, NJ 08876-1018

16               Telephone:  (908) 722-0700
               Facsimile:  (908) 722-0755

17               Attorneys for Defendants

18               PFIZER INC. AND PHARMACIA
               CORPORATION

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111